IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN HARTLEY-CULP, individually and on behalf of all others similarly situated, | : : : : : | CIVIL ACTION NO. **3:CV-14-0282** |
| Plaintiff | : : : | Magistrate Judge Blewitt |
| v. | : : : | FILED SCRANTON |
| CREDIT MANAGEMENT COMPANY, | : : : | SEP 15 2014 |
| Defendant | : | PER /ms/ DEPUTY CLERK |

## MEMORANDUM AND ORDER

**I.   BACKGROUND.**

This putative class action case was instituted, through counsel, on February 17, 2014, by Plaintiff Dawn Hartley-Culp, individually and on behalf of all others similarly situated. (Doc. 1). Named as sole Defendant is Credit Management Company ("CMC"). Plaintiff alleges that Defendant CMC began placing a series of calls to her cellular telephone ("cell phone") beginning in November of 2013. Plaintiff alleges that the calls made by Defendant CMC to her cell phone violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, since the calls were placed by an automated telephone dialing system ("ATDS") or, by an artificial or recorded voice without her prior express consent. Plaintiff also alleges that Defendant CMC left numerous pre-recorded messages on her cell phone.

This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.[1]

---

[1] Jurisdiction of this Court is properly based on federal question, 28 U.S.C. § 1331, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.* See

On April 8, 2014, after being granted an extension of time, Defendant CMC filed its Answer to the Complaint with Affirmative Defenses. (Doc. 8). Defendant CMC admitted that it contacted Plaintiff for the purpose of collecting a debt which Plaintiff allegedly owed. In its Affirmative Defenses, Defendant CMC asserted that Plaintiff gave express consent to CMC's client to whom Plaintiff allegedly owed the debt, and that the calls made to Plaintiff were not placed via an ATDS.[2]

Subsequently, the Court issued a scheduling order and set case deadlines, and then extended the deadlines on two occasions. (Docs. 19, 22 & 26). The current discovery deadline is November 28, 2014. Plaintiff's Motion for Class Certification is due December 12, 2014.

Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the undersigned for all matters. (Doc. 17).

The parties are currently engaged in discovery. Plaintiff indicates that on July 26, 2014, she served written discovery on Defendant and scheduled a Rule 30(b)(6) deposition for August 26, 2014.

On August 12, 2014, Defendant CMC filed a Motion to Bifurcate Discovery, or in the alternative, to Stay Proceedings. **(Doc. 23)**. Defendant CMC simultaneously filed its support brief with Exhibits. (Docs. 24 & 24-1 to 24-4). Plaintiff filed her opposition brief on August 28, 2014. (Doc. 28). Defendant filed its reply brief on September 9, 2014, with Exhibits. (Docs. 29, 29-1 &

---

*Fenescey v. Diversified Consultants, Inc.*, 2014 WL 2526571 (M.D.Pa. June 4, 2014).

[2]According to Defendant CMC's Doc. 24 brief, p. 3 n. 2, Plaintiff allegedly owed a debt to Defendant CMC's client Extendicare Health Services, Inc. Defendant CMC notes that it is presently pursuing discovery to try and show that Plaintiff voluntarily provided her cell phone number to Extendicare staff during her intake interview upon becoming a patient of Extendicare's rehabilitation division.

29-2).

Defendant CMC seeks the Court to bifurcate discovery into two phases with the first phase limited to the issue of whether Plaintiff expressly consented to receiving calls on her cell phone. Defendant CMC maintains that if it proves Plaintiff provided her express consent, then the calls it placed to her do not violate the TCPA. Defendant CMC then states that if it can show the calls placed to Plaintiff did not violate the TCPA, then Plaintiff will not be able to proceed as the representative of the purported class.

In the alternative, Defendant CMC moves the Court to stay all proceedings in this case since it contends that many of Plaintiff's allegations in her Complaint turn on issues currently pending before the Federal Communication Commission ("FCC"). Defendant CMC states that the FCC has primary jurisdiction to determine the issues raised by Plaintiff in this case.

## II. DISCUSSION.

Initially, based on the very recent Middle District of Pennsylvania case of *Fenescey v. Diversified Consultants, Inc.*, 2014 WL 2526571 (M.D.Pa. June 4, 2014, J. Conaboy), which is directly on point with our case, as well as *Gager v. Dell Financail Services, LLC*, 727 F.3d 265, 2013 WL 4463305 (3d Cir. 2013), and based on the well-reasoned decision of Judge Conaboy, with which we completely concur, we will deny Defendant CMC's alternative Motion to Stay all Proceedings in this case under the primary jurisdiction doctrine. This Court in *Fenescey* largely relied upon the Third Circuit's decision in *Gager v. Dell Financail Services, LLC*, 727 F.3d 265, 2013 WL 4463305 (3d Cir. 2013). This Court in *Fenescey* stated that "[g]iven the force and clarity of the [*Gager*] precedential opinion, we have no need to further evaluate the doctrine of primary

jurisdiction on the question of whether the TCPA applies to debt collection calls made to cellular phones." 2014 WL 2526571, *2. This Court in *Fenescey* also found that based on *Gager*, there was no basis to stay its case on the ATDS issue. *Id.*, *3.[3]

Since we concur entirely with the Court in *Fenescey*, we do not repeat its decision herein, and shall deny Defendant CMC's alternative Motion to Stay Proceedings in this case.

Next, we turn to Defendant CMC's primary Motion to Bifurcate Discovery.

As mentioned, Plaintiff alleged in her Complaint that Defendant CMC violated the TCPA by placing calls to her cellular telephone number without her prior express consent using an automatic telephone dialing system, and by leaving serval voice mail messages. The TCPA makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. §227(b)(1)(A)(iii). Also, as stated, the TCPA applies to debt collection calls made to cellular phones. *Fenescey*, 2014 WL 2526571, *2(citing *Gager, supra*). "Prior express consent is deemed to be granted only if the wireless number is provided by the consumer to the creditor, and the

---

[3]See *Gager v. Dell Financail Services, LLC*, 727 F.3d 265, 2013 WL 4463305 (3d Cir. Aug. 22, 2013)(Third Circuit Court reversed dismissal of case alleging violations of 47 U.S.C. §227(b)(1)(A)(iii), "the TCPA's provision banning certain automated calls to cellular phones."). In *Gager*, Plaintiff alleged that Defendant was obliged under the TCPA to stop autodialed calls to her cellular phone since she withdrew her prior express consent to be called on said phone via an automatic dialing system. The District Court granted Defendant's Rule 12(b)(6) Motion to Dismiss since it found that Plaintiff could not revoke her prior express consent. See *Gager v. Dell Financail Services, LLC*, 2012 WL 1942079 (M.D.Pa. May 29, 2012). The Third Circuit Court reversed the dismissal and found that "(1) the TCPA affords [Plaintiff] the right to revoke her prior express consent to be contacted on her cellular phone via an autodialing system and (2) there is no temporal limitation on that right." 2013 WL 4463305, *2.

number was provided during the transaction that resulted in the debt owed." *Wattie-Bey v. Stephen and Michaels Assoc., Inc.*, 2014 WL 123597, *2 (M.D.Pa. Jan. 14, 2014)(citation omitted). Also, the burden is on the creditor regarding the issue of whether express consent was provided and the creditor must show that the required prior express consent was obtained. *Id.*(citation omitted).

There is no question that the Court, in its discretion, can bifurcate discovery under Fed.R.Civ.P. 42. In *Stemrich v. Zabiyaka*, 2014 WL 931069, *1 (M.D.Pa. March 10, 2014), the Court stated:

> Under Federal Rule of Civil Procedure 42, a trial court may, in its discretion, bifurcate a trial. The rule provides as follows:
>> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.
>
> Fed.R.Civ.P. 42(b). The decision to bifurcate, and the manner in which bifurcation should be ordered, is left to the trial court's informed discretion and must be decided on a case by case basis. *See Idzojtic v. Pennsylvania R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir.1972) ("The district court is given broad discretion in reaching its decision whether to separate the issues of liability and damages."). In exercising its discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir.1984). The moving party bears the burden of establishing that bifurcation is appropriate. *See Innovative Office Prods., Inc. v. Spaceco, Inc.*, Civ. No. 05–cv–4037, 2006 WL 1340865, *1 (E.D.Pa. May 15, 2006).

We disagree with Defendant CMC and its contentions in its briefs that discovery at this stage of the case, *i.e.*, before Plaintiff files her Motion for Class Certification, should be limited to the issue of whether its calls to Plaintiff fall within the "prior express consent" exception. As stated, the

burden is on the creditor (in this case Defendant CMC) regarding the issue of whether prior express consent was provided. Also, as stated, the burden is on Defendant CMC to demonstrate that it did not use an automated telephone service when it contacted Plaintiff. If Defendant CMC can meet either of its burdens, Defendant CMC will be entitled to summary judgment on Plaintiff's TCPA claim. On the other hand, if genuine disputes of material fact exist as to whether Defendant obtained Plaintiff's prior express consent, then Defendant will not be entitled to summary judgment on Plaintiff's TCPA claim. *Wattie-Bey v. Stephen and Michaels Assoc., Inc.*, 2014 WL 123597, *3. Likewise, if disputed issues of fact remain as to whether Defendant CMC used automated telephone services in its contacts with Plaintiff, then summary judgment will not be appropriate. *Id.*, *6(citations omitted). However, we concur with Plaintiff that "whether or not [Defendant] CMC had [prior express consent] to contact Plaintiff is not a threshold question that must be resolved at this stage, before the parties have had an opportunity to conduct class-wide discovery." (Doc. 28-1, p. 6, citing *Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed.Appx. 598, 600 (9th Cir. 2011)("'express consent' is not an element of a TCPA Plaintiff's prima face case, but rather is an affirmative defense for which the Defendant bears the burden of proof.").

We also agree with Plaintiff that despite Defendant CMC's contention and its Exhibits, that it would not be unduly burdensome on Defendant at this point of the case to respond to Plaintiff's discovery requests, including requests regarding the putative class action. Also, we find prejudice to Plaintiff if discovery was bifurcated as Plaintiff maintains. As Plaintiff points out, she "primarily seeks documents that are ordinarily maintained as business records, and to the extent that CMC will be burdened by having to produce any such documents, CMC can respond with the

appropriate objections and substantiate them during the meet and confer process." (Doc. 28-1, p. 5). Defendant CMC will still be able to conduct any discovery it deems necessary to try and meet its burden as to its affirmative defenses, and it will be able to file a dispositive motion at the conclusion of discovery. Moreover, we agree with Plaintiff that she should have the benefit of discovery before she has to file her Motion for Class Certification, especially since Plaintiff has the burden of class certification. See *Hawk Valley, Inc. v. Taylor*, –F.R.D. –, 2014 WL 1302097 (E.D.Pa. March 31, 2014)(citation omitted)(court granted Plaintiff's motion for class certification in a TCPA unsolicited-fax case since it found, in part, common issues of law and fact predominated).

Finally, we concur with Plaintiff that bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions.

### III. CONCLUSION.

Accordingly, the Court will deny entirely Defendant CMC's Motion to Bifurcate Discovery, or in the alternative, to Stay Proceedings **(Doc. 23)**.[4]

An appropriate Order will be issued.

**THOMAS M. BLEWITT**
United States Magistrate Judge

Dated: September 15, 2014

---

[4] The Court notes that it will, sua sponte, extend the discovery deadline and the deadline for Plaintiff to file her Motion for Class Certification. The discovery deadline will be extended to December 29, 2014, and Plaintiff's Motion for Class Certification will be extended to January 12, 2015.